UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, DAYTON OFFICE

| | | |
|---|---|---|
| **LESLIE SIZEMORE** | : | Case #: |
| | : | Judge: |
| Plaintiff | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| vs. | : | |
| | : | **ENDORSED HEREON** |
| **EDGEWOOD BOARD OF EDUCATION, EDGEWOOD CITY SCHOOLS,** | : | |
| | : | |
| And | : | |
| | : | |
| **GARY GABBARD, in his official capacity as President** | : | |
| | : | |
| And | : | |
| | : | |
| **JIM WIRLEY, in his official capacity as Vice President** | : | |
| | : | |
| And | : | |
| | : | |
| **AMY ASHCRAFT, in her official capacity as Board Member** | : | |
| | : | |
| And | : | |
| | : | |
| **BETH BENJAMIN, in her official capacity as Board Member** | : | |
| | : | |
| And | : | |
| | : | |
| **TOM YORK, in his official capacity as Board Member,** | : | |
| | : | |
| And | : | |
| | : | |
| **DAVID SLAMER, in his official capacity as Principal of Edgewood Middle School,** | : | |
| | : | |
| And | : | |

1

| | |
|---|---|
| **DANIEL BENJAMIN, an individual** | : |
| | : |
| **And** | : |
| | : |
| **JOHN DOES 1 THROUGH AND INCLUDING 10,** | : |
| | : |
| Defendants | : |

COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER COLOR OF STATE LAW [42 U.S.C. §§ 1983, 1988] AND DISCRIMINATION [TITLE VII] – DEMAND FOR TRIAL BY JURY

Plaintiff, by and through her attorney Alissa J. Sammarco, brings this action against the Defendants and allege as follows:

**JURISDICTION**

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, §§ 1, 2, and 14, Constitution of the State of Ohio.

2. This action is also brought pursuant to Title VII under the Civil Rights Act of 1964, as amended, 42 USC Section 2000e.

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1343 (Civil Rights) and pursuant to 28 USC §1367(a), this court has supplemental jurisdiction over related state causes of action because the state court claims are part of the same case and controversy such that joinder is required.

4. Plaintiff has filed a Charge of Discrimination with the Equal Employment

Opportunity Commission against the Defendant School District on April 3, 2019, Charge No. 473-2019-01370. The EEOC has issued a Notice of Right to Sue Letter dated _____. This complaint is filed within 90 days of the receipt of the Notice of Rights.

5. Venue lies in the Southern District of Ohio, the judicial district in which the claim arose pursuant to 28 U.S.C. § 1391. The Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and consider claims also arising under the state laws of Ohio, including Title 41 of the Ohio Revised Code. The matter in controversy exceeds, exclusive of interest, the sum of SEVENTY-FIVE THOUSAND U.S. DOLLARS ($75,000.00).

**PARTIES**

6. The allegations contained in the Jurisdiction paragraphs are incorporated by reference as if fully rewritten herein.

7. Plaintiff was at all times material to this action are citizens of the United States of America and residents of the state of Ohio. Plaintiff was employed within the Butler County, Ohio. Plaintiff believes each of the Defendants reside within the jurisdiction of this Court.

8. Defendant Edgewood Board of Education, Edgewood City Schools, at all times relevant to this action was a School District and political subdivision existing pursuant to the laws of the State of Ohio, located in Butler County, Ohio, having the authority to sue and be sued in its name. Further, Defendant Edgewood Board of Education, Edgewood City Schools, at all times relevant employed, controlled or had the right to control Defendants David Slamer and John Does 1 through and including 5. Board Members Gary Gabbard, Jim Wirley, Amy Ashcraft, Beth Benjamin, Tom York, and the John Does 6

through 10, which individuals committed certain acts or omissions in the course and scope of their employment and/or relationship with Edgewood Board Of Education, Edgewood City Schools and the name of Edgewood Board of Education, Edgewood City Schools.

9. Defendant Board Members Gary Gabbard, Jim Wirley, Amy Ashcraft, Beth Benjamin, Tom York, at all times relevant to this action were the duly elected officials who created the policies and procedures and practices for Defendant Board of Education, Edgewood City Schools.

10. Defendant David Slamer at all times relevant to this action is the duly appointed Principal of Edgewood Middle School. At all times material, Defendant Slamer was responsible for execution of the policies, procedure and practices of the Board of Education at the Edgewood Middle School. This action is brought against him in his official capacity for the acts and omissions occurring in said capacities.

11. Defendants Edgewood Board of Education, Edgewood City Schools, Mr. Slammer and the Board Members are hereinafter referred to jointly as Defendant Edgewood Schools.

12. Defendant Daniel Benjamin is an individual over the age of 18 who was an employee of Defendant Edgewood Schools.

13. At all times relevant hereto, Defendant Daniel Benjamin and Board Member Beth Benjamin were husband and wife.

14. At all times material hereto, Individual Defendants and John Doe 1 through 10, were individuals or entities whose identity could not be determined prior to the filing of this action, and who acted within the scope of their employment with Defendant Edgewood Schools.

15. Defendants, and each of them, except for Defendant Mr. Benjamin, are employers

as defined under Title VII and under Title 41 of the Ohio Revised Code.

16. All the above Defendants, except Defendant Mr. Benjamin, are individuals who acted under color of state law and are responsible for Plaintiff's damages in their official capacities.

## STATEMENT OF FACTS

17. Plaintiff, Leslie Sizemore, is a Female who was employed by the Defendant Edgewood Schools as a custodian at the Edgewood Middle School from May 24, 2016 through her last day of work on August 10, 2018.

18. At all times relevant, Defendant David Slamer was the principle of the Edgewood Middle School.

19. During the course of her employment, Plaintiff was subjected to unwanted sexual conduct which rose to the level of sexual harassment, beginning in approximately August 2017.

20. At all times relevant hereto, Plaintiff was subjected to unwelcome sexual conduct by Defendant and Co-worker Daniel Benjamin including verbal conduct, physical conduct, and text message.

21. Defendant Mr. Benjamin texted Plaintiff during work, "I can see you," and "I know where you are." These texts were frequent, some weeks, sent on a daily.

22. Plaintiff was offended by and frightened by Mr. Benjamin's texts because she often worked alone in the Middle School Building and in other secluded areas.

23. The texts were coupled with obscene gestures which started around Christmas of 2017. The gestures included Mr. Benjamin putting two fingers in the shape of a "V" in front of his mouth and wiggled/flicked his tongue between them, directing the gesture at

5

Plaintiff.  This was intended by Benjamin and was perceived by Plaintiff as a sexual gesture indicating what he would do to her.

24. Mr. Benjamin regularly put his hand on Plaintiff's shoulder and hugged her. Plaintiff moved away and told him she did not want him touching her.

25. Mr. Benjamin's conduct created a hostile work environment and rose to the level of sexual harassment as his conduct was unwelcome, severe and pervasive.

26. In or about September of 2017, and continuing throughout her employment with Defendants, Plaintiff reported to her supervisor, Teresa Lewis, Mr. Benjamin's conduct. Plaintiff also stated to Ms. Lewis, "I don't like being around him" "He creeps me out."

27. Defendant Edgewood Board of Education and Edgewood School District, by and through Ms. Lewis responded, "We all know he's creepy." "He's just goofin' around."

28. The Defendants took no action in September 2017 through July 2018 to investigate the allegations of sexual harassment by Plaintiff.

29. The Defendants took no actions between September 2017 and July 2018 to correct or stop the sexual harassment.

30. In Nov of 2017, Plaintiff received a report of improper sexual conduct by Dan Benjamin relating to a minor female student, Student A, wherein he took pictures of Student A with his cell phone.  His conduct was observed by another female student, Student B.  When the Student B asked Mr. Benjamin why he took pictures of Student A, Mr. Benjamin replied, "I'm saving it for later."

31. Student A perceived his comment to be of a sexual nature based on his intonation, body language and context of the question.  Mr. Benjamin's conduct was extremely upsetting to the Student B and her mother who told Plaintiff about the incident.

6

32. Upon learning of the incident, Plaintiff reported Mr. Benjamin's comments and actions to the principal, Mr. Slamer, the assistant principal, Ms. Ruether, and to supervisor Teresa Lewis.

33. In or about the week of November 13th, 2017, Plaintiff and Student B's mother met with Mr. Slamer, Ms. Ruether, and Teresa Lewis to report Mr. Benjamin's actions including taking pictures of Student A and making sexual comments to Student B.

34. Defendant School District did not investigate the allegations of improper sexual conduct against Mr. Benjamin.

35. Defendants failed to take prompt remedial action to correct or stop the behavior of Mr. Benjamin.

36. Defendants failed to inform the Police or Sheriff of the allegations of improper sexual conduct by a custodian employed at their school.

37. Defendants later informed Plaintiff that they took no action to investigate or to correct the actions of Mr. Benjamin because "the parents [of Student A] did not contact them."

38. Between September of 2017 and July of 2018, Plaintiff repeatedly informed Defendant School District through her supervisor, Teresa Lewis, that she did not want to work with Mr. Benjamin. However, in July 2018, Ms. Lewis assigned Plaintiff to go alone with Mr. Benjamin to the other side of the school building to get supplies for the summer cleaning the custodians were conducting. The supply closet was on the other side of the school in the "200 Hall" and was out of sight or hearing from the other custodians.

39. When Plaintiff entered the closet to get the supplies, Mr. Benjamin followed her in and put his hand on her back and holding her in a bent over position and then touching her in her crouch in an unwelcomed and sexual manner with his other hand.

40. Plaintiff was extremely upset and shocked. Client said, "What do you think you're doing?" and left immediately the area and returned to the work group on the other side of the building.

41. After the incident, Mr. Benjamin texted Plaintiff a message that stated: "You taste good."

42. Plaintiff reported the physical unwelcome conduct to the Defendant's Human Resource Department on the about a week or two later on August 10, 2018.

43. Plaintiff's last day of work was August 10, 2018, and she has not been able to return to work since that date.

44. Plaintiff was forced out of work as a direct and proximate result of the policy of inaction of Defendants Edgewood Schools, including Principal Slamer and the Board Members.

45. In essence, Plaintiff was constructively discharged when her employer, the Defendant Edgewood Schools, deliberately created intolerable working conditions, as perceived by a reasonable person.

46. Defendant Employer created the intolerable working conditions with the intention of forcing Plaintiff out of work.

47. A reasonable person in Plaintiff's position would have felt forced out of the workplace.

48. Plaintiff's being forced out of the workplace was a foreseeable consequence of the Defendant Employer's actions.

49. Plaintiff was treated worse than other employees who did not report sexual harassment, hostile work environment or engage in other protected activity in that she was subjected to the policy of inaction and forced to be subjected to sexual harassment and hostile work environment and constructively terminated.

50. Plaintiff was treated worse than other male employees in that she was subjected to the policy of inaction and forced to be subjected to sexual harassment and hostile work environment and constructively terminated.

51. On August 10, 2018, Plaintiff was forced to leave work and has been constructively discharged.

**FIRST CAUSE OF ACTION**
**DISCRIMINATION BASED ON SEX & SEXUAL HARASSMENT**
**Title VII & OH Rev. Code Title 41**

52. The allegations contained in the preceding paragraphs are incorporated by reference as if fully rewritten herein.

53. Defendant Edgewood Schools have violated Plaintiff's right to be free of sex and race discrimination under Title VII of the Civil Rights Act of 1964 as amended 42 USC Section 2000e et seq. and under Title 41 of the Ohio Revised Code.

54. As a direct and proximate result of Defendant Edgewood Schools' actions and inactions, Plaintiff has suffered adverse employment actions including loss of her employment; has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has

incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

## SECOND CAUSE OF ACTION
## RETALIATION and CONSTRUCTIVE DISCHARGE
## Title VII & OH Rev. Code Title 41

55. The allegations contained in the preceding paragraphs are incorporated by reference as if fully rewritten herein.

56. Defendant Edgewood Schools' actions as set forth above constituted retaliation against Plaintiff due to her reporting Title VII violations (related to herself) and Title IX violations (related to Students A and B), discrimination based on gender, and complainant of sexual and racial discrimination and harassment.

57. Defendant Edgewood Schools' actions and inactions as set forth above constitute discrimination, harassment, based on sex, and retaliation for protected activity.

58. As a direct and proximate result of said retaliation, Plaintiff has suffered adverse employment actions including loss of her employment; has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 USC Sect. 1983

59. The allegations contained in the preceding paragraphs are incorporated by reference as if fully rewritten herein.

60. At the time of the incidents alleged herein, Defendant Edgewood Schools had a policy against discrimination.

61. The policy against discrimination was inadequate for the training, investigation, and response to complaints of discrimination.

62. The Defendant Edgewood Schools knew that their policies against discrimination were inadequate to prevent the violation of individuals' federal rights and the type harm, such is alleged herein.

63. Knowing the inadequacy of their policies for training, investigation, and response to complaints of discrimination and harassment, Defendant Edgewood Schools consciously disregarded that knowledge to Plaintiff's detriment.

64. The Defendant Edgewood Schools' failure to stop the harassment amounted to an official policy of inaction.

65. As a direct and proximate result of the actions of Defendant Edgewood Schools, Plaintiff has suffered adverse employment actions; has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

**FOURTH CAUSE OF ACTION
IN THE ALTERNATIVE
NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
[AGAINST DEFENDANT DANIEL BENJAMIN]**

66. The allegations contained in the preceding paragraphs are incorporated by reference as if fully rewritten herein.

11

67. Defendant Daniel Benjamin had a duty to Plaintiff not to harm her or touch her without her permission.

68. By acting in the manner prescribed herein toward Plaintiff, in a careless and negligent manner, Defendant Mr. Benjamin knowingly created a greater probability of causing substantial harm to others, especially Plaintiff.

69. Defendant Mr. Benjamin's actions constitute a recklessness for the safety and well-being of others, especially the Plaintiff.

70. The actions of Defendant Mr. Benjamin were outrageous such that any reasonable person would find them offensive.

71. Defendant Mr. Benjamin negligently inflicted emotional distress upon the Plaintiff when he repeatedly texted her, made sexual gestures at her, hugged her and ultimately held her back down and touched her in a sexual manner in the supply closet in July 2018.

72. Defendant Mr. Benjamin recklessly disregarded the Plaintiff's requests not to do these things to her and knew or should have known that his actions would result in serious emotional distress.

73. Defendant Mr. Benjamin's conduct was extreme and outrageous.

74. Defendant Mr. Benjamin's actions directly and proximately caused Plaintiffs' psychological injury. The mental anguish Plaintiff's suffered was serious.

75. As a direct and proximate result of the actions of Defendant Mr. Benjamin, Plaintiff has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses

in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

## FIFTH CAUSE OF ACTION
## IN THE ALTERNATIVE
## NEGLIGENCE & GROSS NEGLIGENCE
## [AGAINST DEFENDANT DANIEL BENJAMIN]

76. The allegations contained in the preceding paragraphs are incorporated by reference as if fully rewritten herein.

77. Defendant Daniel Benjamin had a duty to Plaintiff not to harm her or touch her without her permission.

78. By acting in the manner prescribed herein toward Plaintiff, in a careless and negligent manner, Defendant Mr. Benjamin knowingly created a greater probability of causing substantial harm to others, especially Plaintiff.

79. Defendant Mr. Benjamin's actions constitute a recklessness for the safety and well-being of others, especially the Plaintiff.

80. Defendant Mr. Benjamin's reckless actions negligently inflicted physical and emotional injury and harm upon the Plaintiff when he repeatedly texted her, made sexual gestures at her, hugged her and ultimately held her back down and touched her in a sexual manner in the supply closet in July 2018.

81. Defendant Mr. Benjamin recklessly disregarded the Plaintiff's requests not to do these things to her and knew or should have known that his actions would result in injury. His conduct constituted gross negligence

82. Defendant Mr. Benjamin's conduct was extreme and outrageous.

83. Defendant Mr. Benjamin's actions directly and proximately caused Plaintiffs' physical and emotional injuries.

84. As a direct and proximate result of the actions of Defendant Mr. Benjamin, Plaintiff has incurred temporary and permanent injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred emotional distress and will continue to endure emotional distress; has incurred medical expenses in an undetermined amount and will continue to incur medical expenses in the future; and has suffered damages for the lost enjoyment of life; and lost wages, both past and future.

**WHEREFORE**, Plaintiff demands that the Court:

(A) Award Plaintiff compensatory damages in an amount to be shown at trial.

(B) Award Plaintiff back pay, front pay, and employment benefits and other equitable relief.

(C) Award Plaintiff reasonable attorney's fees and costs and disbursements.

(D) Award Plaintiff pre and post judgment interest at the statutory rate.

(E) Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully Submitted,

THE SAMMARCO LAW FIRM LLC

*/s/ Alissa J. Sammarco*
Alissa J. Sammarco (Oh Reg # 0077563)
Attorney for Plaintiff
15 East 8th Street
Cincinnati, OH 45202
(513) 736-7700; fax (513) 763-7704
AJS@SammarcoLegal.com

## **JURY DEMAND**

Plaintiff hereby requests a Trial by Jury.

*/s/ Alissa J. Sammarco*
Alissa J. Sammarco (Oh Reg # 0077563)
Attorney for Plaintiff
